USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 9/10/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE L. TORRES,

                Plaintiff,

    v.

CAROLYN W. COLVIN, *Acting Commissioner of Social Security*,

                Defendant.

No. 14-CV-3198 (RA)

ORDER ADOPTING REPORT & RECOMMENDATION

---

RONNIE ABRAMS, United States District Judge:

    On April 30, 2015, Plaintiff Jose L. Torres, proceeding *in forma pauperis*, filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking review of Defendant Commissioner of Social Security's final decision denying him disability insurance and/or Supplemental Security Income ("SSI") benefits. On January 30, 2015, Defendant moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff filed no opposition to the motion. On August 12, 2015, the Court received a report and recommendation ("Report") from the Hon. Ronald L. Ellis, United States Magistrate Judge, recommending that Defendant's motion be granted and that the Complaint be dismissed. The Court received no objections to the Report. For the reasons that follow, the well-reasoned Report is adopted in its entirety.

    "A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citation omitted); *see also* 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Burgess*, 537 F.3d at 127 (citation omitted). When reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). As to those portions of the Report to which no objections are made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Carlson v. Dep't of Justice*, No. 10-CV-5149 (PAE)(KNF), 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation omitted); *see also* Fed. R. Civ. P. 72(b).

In the Report, Judge Ellis concluded that (1) the Administrative Law Judge ("ALJ") properly conducted the five-step analysis required by 20 C.F.R. §§ 404.1520 and 416.920 to evaluate whether Plaintiff was disabled, and (2) the ALJ's decision that Plaintiff retained the residual functional capacity to perform other work, and was thus not disabled, was supported by substantial evidence, including medical records, hearing testimony, and expert evidence. Report 20–24. After reviewing Plaintiff's Complaint, Defendant's motion papers, and the underlying administrative record, the Court finds no error in such conclusion. The Report is therefore adopted in its entirety and Plaintiff's complaint is dismissed.

The Clerk of the Court is respectfully directed to close item 19 on the docket and to close the case.

SO ORDERED.

Dated:  September 10, 2015
        New York, New York

Ronnie Abrams
United States District Judge